# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No: 2:12 CR 171 |
| | ) | |
| CAREY RAY | ) | |

## MEMORANDUM OPINION

From the motions in limine filed by the parties, and their proposed jury instructions, questions have arisen as to whether defendant will be allowed to raise two defenses available under Illinois state law at trial: whether the alleged victim consented to defendant's conduct, and whether defendant reasonably believed that the alleged victim was not a minor. In essence, the government maintains that neither defense is relevant to the federal charges here, under governing federal law. The parties have filed briefs (DE # 75; DE # 76) addressing the matter. The purpose of this memorandum is to apprise the parties of the court's current view, in order to allow them to prepare for trial. This is by no means a final ruling; the court will not hesitate to change its opinion if circumstances warrant.

A one-count indictment charges that defendant violated 18 U.S.C. § 2423(a) because he "knowingly transported Jane Doe, a 14-year-old minor, in interstate commerce, with the intent that she engage in sexual activity for which the defendant can be charged with a criminal offense, i.e., Aggravated Criminal Sexual Abuse under Illinois law, 720 ILCS 5/11-1.60(c)(1) and (d)." (DE # 15 at 1.) For simplicity, the essence of this charge can and will often be referred to herein as transporting a minor with the

intent to violate Illinois law, with the sexual activity and interstate commerce aspects unstated but understood. The federal statute charged in the indictment provides, as is relevant here:

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense [violates United States law].

18 U.S.C. § 2423(a).

A person commits Aggravated Criminal Sexual Abuse under the Illinois statutory provisions charged in the indictment if: 1) that person is over the age of 17 and commits a sexual act with a victim who is at least 13 but younger than 17, using force or if threat of force is used to commit the act, 720 ILCS 5/11-1.60(c)(1)(ii); or 2) that person is at least 5 years older than the victim and commits a sexual act with a victim who is at least 13 but younger than 17, 720 ILCS 5/11-1.60(d). Defendant is charged with transporting Jane Doe in interstate commerce with the intent to engage in conduct violating one or both of these provisions of Illinois law.

Illinois provides statutory defenses to both of these different ways of committing Aggravated Criminal Sexual Abuse. It is a defense to both methods that a defendant reasonably believed the victim was 17 years of age or older. 720 ILCS 5/11-1.70(b). It is a defense to the "using force" offense under 720 ILCS 5/11-1.60(c)(1)(ii) that the victim consented. 720 ILCS 5/11-1.70(a) As the Illinois Supreme Court has explained, consent and force are inconsistent and cannot be reconciled, so if a defendant raises as a defense

2

that the victim consented, the government has the burden to prove lack of consent. *People v. Haywood*, 118 Ill.2d 263, 274, 515 N.E.2d 45, 50, 113 Ill. Dec. 236, 241 (Ill. 1987).[1] Defendant has indicated he intends to pursue both of these defenses at trial.

The government's response, in a nutshell, is that the cases interpreting the federal offense charged here, 18 U.S.C. § 2423(a), unanimously agree that: 1) the government is not required to prove that the defendant knew the victim was under the age of 18, because a defendant engaging in the illegal conduct proscribed by § 2423(a) takes the risk that the victim might be younger than 18, *United States v. Cox*, 577 F.3d 833, 836-38 (7th Cir. 2009);[2] and 2) the federal offense requires only intent, not that the underlying criminal sexual conduct actually occur, so whether the victim consented to sexual conduct is irrelevant. Both of these propositions are unquestionable: what § 2423(a) criminalizes is transporting a minor under 18 in interstate commerce, *with an*

---

[1] Because consent and use of force are logically inconsistent, the court sees no reason why evidence that a defendant used force cannot by itself be enough to prove lack of consent. "[I]f force is established it would be redundant to require a separate showing of nonconsent as part of the prosecution's case in chief." *Haywood*, 118 Ill.2d at 274, 515 N.E.2d at 50, 113 Ill.Dec. at 241. Although *Haywood* states that the government must prove lack of consent "as well as" use of force, the court cannot imagine how proof beyond a reasoable doubt that force was used does not satisfy both burdens.

[2] "Given that § 2421 already makes it unlawful to transport any individual in interstate commerce for the purpose of prostitution, the best reading of § 2423(a) is that the inclusion of age was intended to create an aggravating factor for penological purposes, in order to provide greater protection against the sexual exploitation of minors." 577 F.3d at 837. There is nothing else in *Cox* indicating that it should be read more broadly; that is, that the Court of Appeals would interpret § 2423(a) to be used to prosecute interstate conduct not violating or intended to violate some other law.

*unlawful intent*. The offense is complete at that point, whether or not what was ultimately intended ever occurs.

What the government fails to appreciate in the present case is that the indictment charges, and requires the government to prove, that defendant intended to violate Illinois law, specifically, at least one of the two statutes charged. The Illinois statutory defenses, if shown to be factually present in a set of circumstances, would negate that intent. By way of example, suppose a 26-year-old defendant-to-be meets a female who appears to be 25 years old, who shows the defendant-to-be an apparently-valid state driver's license indicating she is 25. The two drive from Hammond, Indiana, to Calumet City, Illinois, and check into a motel to engage in intercourse. Whether or not they do, if the license is a fake, and the female is actually only 16, under the government's theory that defendant would have committed a crime exactly as charged in the present indictment, because he transported the minor in interstate commerce with an intent to engage in sexual conduct and took the risk of her being a minor. The problem is, given defendant's reasonable belief that she was 25, the defendant *never intended to violate Illinois law*, and that is the intent charged in, and required by, the indictment. Thus, defendant would be factually innocent of the offense charged in the indictment.

Although the hypothetical above might not be factually close to the present circumstances, it provides an easy way to explain why the defendant's belief in the victim's age is relevant in the present case. The consent defense, to the aspect of the present case based on an intended use of force is not as straightforward, unless there is

4

evidence that force or a threat of force was actually used: those acts are themselves evidence that defendant had an intent to use force. But what if, consistent with the government's correct assertion that a § 2423(a) charge doesn't require a completed underlying offense, no force or threat of force was ever used? How could the defendant's intent while transporting the victim in interstate commerce to use force ever be proved?[3] Putting this logical difficulty aside, the point is that if the government does try to prove intent by showing force or a threat of force was used, under Illinois law a defendant can raise a defense of consent to rebut that evidence.[4]

In short, at the present time the court intends to allow defendant to pursue the Illinois defenses of consent and reasonable belief in the victim's age as a way of showing the government has not proved that he had the necessary intent to violate Illinois law. The court is aware that this seems strange given all existing precedent on 18 U.S.C. § 2423(a), but the government chose to base its indictment in this case on an intent to violate Illinois law. As Judge Posner explained, speaking for the Seventh Circuit, hinging important consequences under federal criminal law on state definitions of crime is a "questionable practice," because "Congress cannot know in advance what

---

[3] Strained hypotheticals can be imagined, such as the defendant had weapons and/or restraints with him, or told a friend "I'm taking her with me, and will use force if I have to."

[4] As the government points out, however, the logical difficulties presented also cut against defendant. For him to raise a consent defense, he essentially would have to admit that he did engage in sexual conduct with the alleged victim, thus hinging the case on whether there is evidence he reasonably believed she was at least 17 at all relevant times.

conduct the state will decide to make criminal." *United States v. Taylor*, 640 F.3d 255, 256 (7th Cir. 2011). By the same token, Congress cannot envision what defenses states will create to those crimes. The result in the present case, which appears superficially to differ from precedent, comes from this incorporation of state criminal law into federal law, and the government's failure to anticipate the ramifications of the available Illinois defenses on its need to prove that defendant intended to violate Illinois law.

None of this is to say that the instructions tendered by defendant on these issues will be given as submitted;[5] or that the government has some new burden to prove, beyond a reasonable doubt, that defendant knew the victim was younger than 17 or that the victim did not consent, even if defendant points to some evidence supporting those defenses. The burden is on the government at all times to prove beyond a reasonable doubt that defendant had the necessary unlawful intent, and the defenses are relevant to that intent. Just as with the defense of good faith to a charge involving fraud, it may be appropriate only to instruct the jury that the defenses are inconsistent with the necessary intent, that the government must prove that intent beyond a reasonable doubt, and, as to consent, that defendant does not have a burden of proof. *Cf.* Seventh Cir. Pattern Criminal Jury Instruction 6.10 (2012 ed.); *see United States v. Joshua*, 648 F.3d 547, 554 (7th Cir. 2011) (good faith defense based on advice of counsel doesn't change

---

[5] For one thing, defendant's instructions state that the government must prove that he committed Aggravated Criminal Sexual Abuse under Illinois law. As explained herein, this is incorrect. The government only needs to prove that defendant transported the victim in interstate commerce with the intent to commit that offense.

6

government's burden, "rather, information about advice of counsel sheds light on the question whether the defendants had the required intent to defraud" and instructing jury that that burden to prove a defendant's intent is always on government is sufficient).

Date: October 8, 2013

                                                s/James T. Moody
                                                JUDGE JAMES T. MOODY
                                                UNITED STATES DISTRICT COURT